Jeyaraj **SIVAKUMAR, Petitioner,**

v.

Alberto R. **GONZALES,** * **Attorney General, Respondent.**

No. 03–72525.
Agency No. A78–015–241.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005. **

Decided May 13, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Markandu S. Vigneswaran, Law Offices of Markandu S. Vigneswaran, Hacienda Heights, CA, for Petitioner.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Mary Jane Candaux, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

## MEMORANDUM***

Jeyaraj Sivakumar, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which dismissed his appeal from the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, this Court reviews the decision of the BIA, not of the IJ. *See Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We review adverse credibility determinations under the substantial evidence standard. *He v. Ashcroft,* 328 F.3d 593, 595 (9th Cir.2003).

Sivakumar contends that the BIA erred in requiring him to produce corroborating evidence. We agree. The BIA's

determination is not supported by substantial evidence. *See Sidhu v. INS*, 220 F.3d 1085, 1089–91 (9th Cir.2000).

Preliminarily, we find that the two adverse credibility findings of the IJ which the BIA cited are not supported by substantial evidence. *See Bandari v. INS*, 227 F.3d, 1160, 1165–68 (9th Cir.2000). First, the IJ found that Sivakumar was not credible because he questioned why Sivakumar did not leave Sri Lanka sooner after being attacked multiple times. The IJ's speculation about when Sivakumar should have left the country is not a permissible ground for finding Sivakumar to be incredible. *See id.* at 1167. Moreover, the IJ failed to consider Sivakumar's explanation for why he stayed in Sri Lanka after the first incidents. Second, the IJ found it incredible that Sivakumar, after being captured by the Liberation Tamil Tigers ("LTT"), did not tell them that he had worked for them previously. This finding is not supported by the record. *See He*, 328 F.3d at 600.

Furthermore, we find that substantial evidence does not support the BIA's conclusion that the documentation corroborating Sivakumar's medical treatment was reasonably available. *Cf. Sidhu*, 220 F.3d at 1089–91. There is no evidence in the record that the two original receipts from Sivakumar's visit to the doctor still exist, or that Sivakumar could have obtained copies of the receipts. There is also no evidence in the record that Sivakumar reasonably could have obtained a corroborating affidavit from a family member or other witness regarding his medical treatment. *See id.* at 1091 (noting that "it is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives or acquaintances living outside of the United States [because] such corroboration is almost never easily available").

Accordingly, we conclude that substantial evidence does not support the BIA's corroboration determination or its adverse credibility determination. *See He*, 328 F.3d at 603. Therefore, we deem Sivakumar credible and remand the case to the BIA for it to consider the merits of Sivakumar's claim for asylum, withholding of removal and CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED AND REMANDED.**